Opinion filed May 17, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 17, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00314-CR 

                                                    __________

 

                               MELVIN
EUGENE WRIGHT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR31655

 



 

                                                                   O
P I N I O N

The trial court convicted Melvin Eugene Wright of
possession of cocaine, found the four enhancement allegations to be true, and
assessed his punishment at confinement for four years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel includes two potential appellate
points in his brief.








First, counsel challenges the trial court=s failure to grant his motion to
suppress.  Counsel contends that the
traffic stop that led to the discovery of the crack cocaine on the floorboard
of appellant=s vehicle
was invalid.  The record supports the trial
court=s
conclusions that a proper traffic stop was made and that the search was
valid.  The first potential appellate
point is overruled.

Next, counsel questions the legal and factual
sufficiency of the evidence.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15;  Johnson, 23 S.W.3d at
10-11.  In cases involving unlawful
possession of a controlled substance, the State must prove that the accused
exercised care, control, or management over the substance and that the accused
knew that the substance was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).

As counsel notes, the record reflects that Midland
Police Officer Neil Truex found crack cocaine in appellant=s possession.  The evidence is both legally and factually
sufficient to support the verdict.  The
second potential appellate point is overruled.








Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has complied
with the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State, No.
11-06-00273-CR,  2007 WL 431005 (Tex. App.CEastland Feb. 8, 2007, no pet.). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

 

PER CURIAM

 

May 17, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.